STEPHEN YAGMAN
475 Washington Boulevard
Venice, California 90292-5287
(310) 452-3200

JOSEPH REICHMANN (SBN 29324)
YAGMAN & REICHMANN
475 Washington Boulevard
Venice Beach, California 90292-5287
(310) 452-3200

Presented on behalf of Plaintiff,
Stephen Yagman

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| **STEPHEN YAGMAN**, | No. CV-16-07343-VAP(AFMx) |
|---|---|
| Plaintiff, | |
| v. | **PLAINTIFF'S REQUEST THAT THE COURT STRIKE AND NOT CONSIDER DEFENDANTS' UNTIMELY OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION, DOC. 42, GRANT THE MOTION FOR WANT OF TIMELY OPPOSITION, L.R. 7-12, AND PUNISH DEFENSE COUNSEL FOR AGAIN VIOLATING THE COURT'S LOCAL RULES** |
| **DAVID KITTAY**, *et al.*, | |
| Defendants. | |
| | April 10, 2017
2:00 p.m.
Courtroom 8A |
| | Chief Judge Virginia A. Phillips |

Defendants' opposition to plaintiff's reconsideration motion was required to have been filed on March 20, 2017. L.R. 7-9. Without providing any explanation

1

at all,[1] and without seeking *ex parte* relief for permission to file the opposition late, defense counsel, Patrik Johansson, filed the opposition on Thursday, March 23, 2017. Doc. 42. And, rather than serving it by personal delivery, defense counsel served it by USPS, regular mail.

The opposition was not received until Monday, March 27, the date on which any reply would have been due. L.R. 7-10. Declaration of Stephen Yagman, attached hereto. Mr. Johansson knew that his inappropriate, untimely service and the manner of his service would prevent plaintiff from timely filing a reply. But Mr. Johansson did it anyway.[2]

---

[1] As the court may recall, defense counsel previously did not timely file his papers in reply to plaintiff's opposition to defendants' motion to dismiss. Doc. 17. He conjured an excuse that he had not timely received plaintiff's opposition, that was timely served and filed, and to which defense counsel needed to reply. Doc. 23. Defense counsel also previously made an *ex parte* application which he did not serve personally, Doc. 23, but served via USPS mail. Doc. 24. It also deprived plaintiff of an ability to respond to it. Experienced defense counsel, as is Mr. Johansson, know both that *ex parte* applications are supposed to be served personally, so that the opponent gets an opportunity to respond, that papers are required timely to be filed, and that when they are not, that permission for late filing is required to be sought. At minimum, when permission for late filing is sought, an explanation for late filing is required to be made. The papers cannot simply, as here, just be filed so that they are a *fait accompli*. Yet, that is what Mr. Johansson did. Defense counsel previously was told by this court that "[t]he Court does . . . chastise Defendants that the Federal Rules of Civil Procedure should be carefully adhered to." Doc. 36, at 7:2-3. But defense counsel again ignored, disobeyed, and flouted the applicable rules, made no explanation why that is, and spent much of his opposition calling plaintiff names. *See* n. 2, *infra*.

[2] A very cursory skim of defense counsel's opposition shows that it is filled with innumerable, inappropriate *ad hominem* attacks, epithets, and insults directed at plaintiff personally.

2

Plaintiff is prejudiced by Mr. Johansson's actions because it is physically impossible for plaintiff, in a few hours on late Monday afternoon, March 27, to drop everything else he is doing and to read, analyze, and reply to the opposition, Yagman Decl., and therefore plaintiff requests that the opposition be stricken and ignored and that, pursuant to L.R. 7-12, the subject motion be granted.

Since the court's previous "chastising" Mr. Johansson did not deter him from again engaging in the same type of intentional misconduct, plaintiff requests that the court impose something more than a chastisement on Mr. Johansson, since the chastisement did not have any effect on him.

Respectfully submitted,

**YAGMAN & REICHMANN**

By: /s/      Joseph  Reichmann
**JOSEPH REICHMANN**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

_____
**STEPHEN YAGMAN**

**DECLARATION OF STEPHEN YAGMAN**

I, Stephen Yagman, declare the following to be true under the penalty of perjury at Venice Beach, California, pursuant to 28 U.S.C. § 1746, on the date set forth below my signature hereinbelow.

1. I am the plaintiff in this action.

2. I have read the foregoing request, know its contents to be correct, and incorporate them herein by this reference, so that they may be received in evidence.

3. I am prejudiced by having received the opposition to my subject motion late in the afternoon on Monday, March 27, when the day's mail arrived, and I cannot drop other things I am doing to address it and file a reply today, as would be required. Moreover, were I able to drop what I am doing, it would take many hours to read and analyze the opposition and then to draft a reply. Defense counsel took 10 days within which to draft his opposition.

_____
   STEPHEN YAGMAN  03/27/2017